IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:03-cv-850 |
| Plaintiff, | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING MOTION |
| Real Property Known as 1866 Center Road, | : | FOR SUMMARY JUDGMENT |
| Wilmington, Clinton County, Ohio, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the United States' Motion for Summary Judgment. (Doc. 38.) For the reasons that follow, the motion is **GRANTED**.

**I.    FACTUAL BACKGROUND**

On November 26, 2003, the Government filed this civil forfeiture action. The Defendant Properties are identified as follows:

(1) Proceeds of the sale of real property known and numbered as 1866 Center Road, Wilmington, Clinton County, Ohio, 45177 in the amount of $29,355.00 ("Defendant 1");

(2) Two thousand three hundred forty-five dollars in United States currency ($2,345.00) ("Defendant 3");

(3) Contents of National Bank and Trust account number XXXX7547 in the name of Midwest Investments Division of Midwest Marketing of S.W. Ohio Inc. ("Defendant 4");

(4) Contents of Liberty Savings Bank account number XXXX1601 in the name of Midwest Energy Contractors, Inc. ("Defendant 5");

(5) Contents of Wilmington Savings Bank account number XXXXX0637 in the name of Eric A. Hackney or Maureen Hackney Larkin ("Defendant 6"); and

(6) Contents of Wilmington Savings Bank account number XXXX4550 in the

1

name of Eric Hackney ("Defendant 7").

(Doc. 1).[1]  Eric Hackney ("Hackney") filed an Answer/Verified Claim as to all Defendant Properties on February 18, 2004.  (Doc. 10.)

On April 11, 2005, Hackney entered a guilty plea in state court in Ohio to "Aggravated Trafficking of Drugs in violation of Section 2925.03(A)(1) of the Ohio Revised Code."  Ohio v. Hackney, No. CRI2003511, slip op. at 1 (Clinton Cty. C.P. Apr. 11, 2005).  Hackney agreed in the Guilty Plea to "waive[] any interest or [ ] right to contest the forfeiture of his assets in the United States Federal District Court – Southern Division."  Id. at 4.  On March 9, 2007, Maureen Hackney-Larkin ("Larkin"), Hackney's mother, filed a Verified Claim as to the property identified as Defendant 1, or all proceeds therefrom.  (Doc. 37.)

The Government now has moved for summary judgment as to all Defendant Properties as well as to the claimed interests of Larkin and Hackney.  Neither Defendant Properties nor Hackney has opposed the motion.  Larkin has opposed the motion as to her claim to Defendant 1.

## II.    STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the movant has the burden of showing that no genuine issues of material fact are in

---

[1] The Defendant 1 real property was sold pursuant to a Stipulation and Order for Sale.  (Doc. 11.)  The purchaser signed a Promissory Note for the principal amount of $29,355.00 to the United States, which was due and payable on or before December 5, 2007.  Defendant 2, which was real property known and numbered as 59 West Sugartree Street, Wilmington, Clinton County, Ohio 45177, was dismissed from this forfeiture action by order of this Court on December 22, 2006.  (Doc. 29.)

2

dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986).

The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 249. A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

In this case, the Government's summary judgment motion is uncontested, with the exception of one claim by one claimant. Regarding the uncontested portion of the motion, the Court has no duty to search the record and may limit its review of the facts to those relied upon by the movant. Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 410 (6th Cir. 1992); Deutsche Bank Nat. Trust Co. v. Steele, No. 2:07cv886, 2008 WL 111227, *1 (S.D. Ohio Jan. 8, 2008). The Court's duty to determine pursuant to Rule 56 whether "there is no genuine issue as to material fact" and whether "the moving party is entitled to judgment as a matter of law" remains the same. Guarino, 980 F.2d at 410.

### III.   ANALYSIS

### A.   Defendant Properties are Forfeitable

This case is governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983.  "The burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."  18 U.S.C.A. § 983(c)(1).

Based on the proposed undisputed facts, which neither Defendant Properties nor the claimants contest, each Defendant Property is forfeitable.  Defendant 1 is forfeitable because the real property was substantially connected to Hackney's drug trafficking.  Drug trafficking transactions were conducted there.  Law enforcement officials found drugs and drug paraphernalia at the property when the search warrant was executed.  Forfeiture is appropriate pursuant to 21 U.S.C. § 881(a)(7).[2]

Defendant 3 is forfeitable because the currency was packaged in a suspicious manner in an envelope containing the names of known drug offenders and in a location where drugs or drug

---

[2] The relevant statutory section provides:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

\* \* \* \*

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a)(7).

money were also held. Forfeiture is appropriate pursuant to 21 U.S.C. § 881(a)(6).[3]

Defendants 4, 5, 6, and 7, contents of bank accounts, are forfeitable in that they contain proceeds from drug trafficking. Hackney had knowledge that they were proceeds from drug trafficking and he intended to disguise the nature of the drug trafficking in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[4] The bank accounts are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A).[5]

---

[3] The relevant statutory subsection provides:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

* * * *

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

[4] The statute provides in relevant part:

(a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--

 * * * *

(B) knowing that the transaction is designed in whole or in part--

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

* * * *

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for

5

Additionally, each of the Defendant Properties is forfeitable pursuant to Hackney's state court guilty plea agreement. Accordingly, the Government is entitled to summary judgment as to each Defendant Property.

**B.      Larkin Is Not an Innocent Owner**

The Government moves for summary judgment against Larkin asserting that she has no protectable ownership interest in Defendant 1. Larkin does not contest that Defendant 1 is forfeitable. Rather, she asserts an undivided one-half interest in Defendant 1 as an "innocent owner" pursuant to 18 U.S.C. § 983(d). "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). Larkin has the burden of proof to establish that she is an innocent owner. Id.

An owner is defined by the statute as follows:

(6) In this subsection, the term "owner"--

(A) means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and

(B) does not include--

---

not more than twenty years, or both.

18 U.S.C. § 1956.

[5] The relevant statutory section provides:

(a)(1) The following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

18 U.S.C. § 981.

6

>(i) a person with only a general unsecured interest in, or claim against, the property or estate of another;
>
>(ii) a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or
>
>(iii) a nominee who exercises no dominion or control over the property.

18 U.S.C. § 983(d).

Courts generally examine state law to determine whether a person has a valid ownership interest pursuant to § 983(d)(6)(A). See U.S. v. One Lincoln Navigator 1998, 328 F.3d 1011, 1015 (8th Cir. 2003); Stephen D. Cassella, The Uniform Innocent Owner Defense To Civil Asset Forfeitures, 89 Ky. L.J. 653, 677 (2000-2001). However, the exceptions in § 983(d)(6)(B) must be considered independent of state law. One Lincoln Navigator 1998, 328 F.3d at 1015 ("Ownership interests are defined by state law with one important exception – Congress has declared that 'a nominee who exercises no dominion or control over the property' may not be an innocent owner.") "To be an 'owner' of the property, the claimant must show that she has a legal interest in the property in accordance with state property law, and must exercise dominion and control over the property." Cassella, supra, at 674 (emphasis added). Accordingly, a person who qualifies under state law as an owner pursuant to § 983(d)(6)(A) nonetheless may not be entitled to the protections of an owner if she does not exercise dominion and control over the property pursuant to § 983(d)(6)(B)(iii). See United States v. U.S. Currency, $81,000.00, 189 F.3d 28, 35 (6th Cir. 1999) (stating in a pre-CAFRA case that courts will reject the claim of nominal titleholders if they did not exercise dominion or control over the property); U.S. v. One 1988 Prevost Liberty Motor Home, 952 F. Supp. 1180, 1203 (S.D. Tex. 1996) ("Bare legal title by one who does not exercise dominion and control has been held insufficient to establish

7

ownership.")[6]

Larkin asserts she has an ownership interest under § 983(d)(6) in Defendant 1 pursuant to a "Statutory Warranty Deed" and as a consequence of a loan agreement she had with Hackney. On or about December 19, 1994, Larkin obligated herself on a mortgage with Hackney on the Defendant 1 real property to assist Hackney in securing financing from Wilmington Savings Bank in order to construct a house and outbuilding on the property. (Larkin Aff. ¶ 4; doc. 38-15 at 3, 6; doc. 40 ex. 4.) The settlement statement for the transaction referenced "Loan Number: 00093277." (Doc. 40 ex. 4.) In exchange, on or about December 23, 1994, Larkin received from Hackney an "undivided one-half interest" in the Defendant 1 real property in the form of the Statutory Warranty Deed filed in the Clinton County, Ohio Recorder's Office. (Doc. 37 ex. B; Larkin Aff. ¶¶ 3, 4; doc. 38-15 at 3.) Additionally, Larkin gave Hackney a loan in the amount of $25,000 on or about March 27, 1998 for the completion of additional work at the house with the understanding that she would retain her one-half interest in Defendant 1 until "as said $25,000 was repaid and she was relieved from her obligation, as a co-mortgagor and co-borrower, to Wilmington Savings Bank." (Larkin Aff. ¶¶ 5-8.) Larkin asserts that the loan has not been repaid. (Id. ¶ 8.) Interestingly, the Government cites to a certified copy of a Satisfied Mortgage of the Real Property from Recorder's Office which indicates that Hackney's mortgage with Wilmington Savings Bank was "fully paid and satisfied" as of March 22, 1999. (Doc. 41-2.)

To begin applying the facts to the statute, the $25,000 unsecured loan from Larkin to

---

[6] "[T]he exclusion of the three categories of persons from the definition of 'owner' in § 983(d)(6)(B) tracks or codifies the majority rule in the pre-CAFRA case law." Cassella, supra, at 679-80.

Hackney does not establish an ownership interest. It does not rise to the level of "a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest" as the term owner is defined in § 983(d)(6)(A). The Government initially concedes, however, that the Statutory Warranty Deed "arguably creates colorable evidence of ownership." (Doc. 38 at 18.) Nonetheless, the Government contends, and this Court agrees, that Larkin is not an owner for purposes of § 983(d).

The Government cites the facts that the Statutory Warranty Deed provided to the Court is not a certified copy and that the Wilmington Savings Bank mortgage – which Larkin assisted Hackney in obtaining in exchange for the Deed – has been satisfied. The Court need not resolve the legal significance of these facts. Larkin is not an owner pursuant to § 983(d)(6)(B)(iii) because she exercised "no dominion or control" over the property regardless of whether she had ownership rights under state law. U.S. Currency, $81,000.00, 189 F.3d at 35; One 1988 Prevost Liberty Motor Home, 952 F. Supp. at 1203; Cassella, supra, at 674. Larkin did not reside at the Defendant 1 real property at any time, nor did she pay insurance, utilities, property taxes or other bills related to Defendant 1. (Doc. 38-15 at 4.) The sole grounds asserted by Larkin to support a finding that she had dominion or control is that she had right to control disposition of an undivided one-half interest in the property pursuant to the Statutory Warranty Deed. Larkin does not contend that she ever sought to exercise that theoretical right. Moreover, the real property at 1866 Center Road was disposed of pursuant to a Stipulation and Order for Sale dated February 18, 2004 (doc. 11) and only the proceeds of the sale remain as Defendant 1. As such, Larkin is at most a nominal titleholder who failed to exercise dominion or control over the property. She is not an owner for purposes of the statute and cannot rely on the innocent owner defense.

Cassella, supra, at 679 ("[W]hatever status . . . a nominee might otherwise be accorded under state law, it will be insufficient to establish an ownership interest as part of the affirmative defense under § 983(d)."). The Government is entitled to summary judgment against Larkin as to her claim on Defendant 1.

**IV. CONCLUSION**

Based the foregoing analysis, the United States' Motion for Summary Judgment (doc. 38) is **GRANTED**. Summary judgment is granted against the Defendant Properties and against Claimants Hackney and Larkin.

IT IS SO ORDERED.


      ___s/Susan J. Dlott_____
      Susan J. Dlott
      United States District Judge